**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 4:19-CR-001 (LAG-TQL) |
| | : | |
| FABIAN LAMAR BRITT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court are Defendant Fabian Lamar Britt's Motion for a Psychological/Psychiatric Exam (Doc. 20) and Unopposed Motion for Continuance in the Interest of Justice (Doc. 21). For the reasons stated below, both Motions are **GRANTED**.

On January 9, 2019, Defendant was indicted and charged with two counts of Mailing Threatening Communications. (Doc. 1.) On February 28, 2019, he was arraigned and entered a plea of not guilty. (Docs. 11, 12.)

## I.      Motion for Psychological/Psychiatric Evaluation

In the Motion for a Psychological/Psychiatric Evaluation, Defendant's counsel requests the Court to order a mental health evaluation of Defendant. (Doc. 20.) Based on her discussions with Defendant and her review of "the discovery, prior offenses, and prior presentence reports," counsel believes that Defendant has, and has long had, "serious psychological and mental health problems." (*Id.* at 2.) Defendant's counsel asks that the evaluation determine if Defendant is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (*Id.*) Counsel also requests a competency hearing after the evaluation is completed. (*Id.*) The Government does not oppose this Motion. (*Id.*)

Upon review, Defendant's motion is **GRANTED**. Accordingly, the Court **ORDERS** the following:

Defendant Fabian Lamar Britt is hereby **ORDERED** to submit to a psychiatric examination pursuant to 18 U.S.C. § 4241(b). It is further **ORDERED** pursuant to 18 U.S.C. § 4247 (b) and (c):

1. That at least one licensed psychiatrist or psychologist—to be designated by the Bureau of Prisons—be, and hereby is, appointed, authorized, and directed by the Court to examine the mental condition of Defendant and to return a psychological or psychiatric report to the Court, counsel for Defendant, and counsel for the Government;

2. That the report shall include:

   a. The Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. The examiner's findings;

   d. The examiner's opinions as to diagnosis, prognosis and–

      i. whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in defense;

3. That Defendant is committed to the custody of the Attorney General for a reasonable period, not to exceed forty-five (45) days, for placement in a suitable facility;

4. That two (2) certified copies of this Order be given by the **Clerk of Court** to the United States Marshal, Middle District of Georgia, who is hereby **DIRECTED** to convey this Order to at least one (1) licensed psychologist or psychiatrist designated by the Bureau of Prisons and to make such other arrangements as are necessary for the examination of the Defendant;

5. That the period for examining and evaluating Defendant shall not commence until Defendant is received at the facility designated for performing the evaluation; and

6. That the time required to conduct the evaluation shall be excluded from computation of time within which any trial of this case must commence under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

Upon completion of the examination and receipt of the examiner's report, the Court will hold a competency hearing pursuant to 18 U.S.C. § 4247(d). There, Defendant shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing. 18 U.S.C. § 4247(d).

## II. Motion for Continuance in the Interest of Justice

In the Unopposed Motion for Continuance in the Interest of Justice, Defendant moves to continue this case's pretrial conference, currently set for April 18, 2019, and the trial, currently set for April 29, 2019. (Doc. 21.) Defendant's counsel requests the continuance because she has requested a mental health evaluation for Defendant, who accordingly may not be prepared for trial as currently scheduled. (*Id.* at 2.) The Government does not oppose this motion. (*Id.*)

Upon due consideration, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Accordingly, Defendant's Unopposed Motion for Continuance in the Interest of Justice (Doc. 21) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. The deadlines in the Court's March 1, 2019 Scheduling Order (Doc. 15) are hereby terminated, and a new scheduling order and date for a competency hearing will be forthcoming.

**SO ORDERED**, this 2nd day of April, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**